**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

THE ESTATE OF PATRICIA A. HAYES,

      Plaintiff,

                                  Case No. 8:23-cv-1220

v.

RELIANCE STANDARD LIFE INSURANCE,
an Illinois Corporation,

      Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Reliance Standard Life Insurance Company, by and through its attorneys, timely files this Notice of Removal pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 1132(e), 28 U.S.C. § 1332 and 28 U.S.C. §1441(a), (b) and (c) removing the above-captioned action to the United States District Court for the Middle District of Florida from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and aver as follows:

1.      Plaintiff originally filed his Complaint against Defendant on April 18, 2023, in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida in Case No. 23-CA-011930.  A true and correct copy of the Complaint is attached hereto as Exhibit "A".

2.      In the Complaint, Plaintiff seeks benefits under a Group Life policy delivered to Welbilt, Inc. by Defendant. See Complaint, para. 6.

3.      As explained below, Plaintiff's claims and this lawsuit are governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq*.

4.      The Policy under which Plaintiff is claiming benefits insured various categories of "active, Full-time" employees of Welbilt, Inc. as identified in the Eligible Classes section of the

Group Policy and who met each of the eligibility requirements. A copy of the Group Policy is attached as Exhibit "A" to Plaintiff's Complaint.

5.      The Policy provides Basic Life coverage to each eligible person ("Minimum Participation Requirements: Basic: 100%") and the employer paid 100% of the premiums for the Basic Life coverage for its eligible employees ("Contributions: Basic Insurance 0%"). See Exhibit "A" to Complaint at pages 1.0 and 1.3.

6.      Based on the foregoing, the plan in this case is an employee welfare benefit plan that is governed by ERISA notwithstanding the allegations in the Complaint.  *See*, *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65-66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) (holding that based on ERISA complete preemption, the well-pleaded complaint rule does not apply and allowing removal).

7.      A cause of action filed in state court seeking recovery of benefits under an employee welfare benefit plan governed by ERISA is removable to federal court pursuant to 28 U.S.C. § 1441(c) as an action arising under a federal law.  *See*, *Id.*; *Pilot Life Insurance Company v. Dedeaux,* 481 U.S. 41 (1987).

8.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). As a civil action founded upon a claim of right arising under the laws of the United States, this action may be removed to this court pursuant to the provisions of 28 U.S.C. § 1441(a), (b) and (c).

9.      This Court also has diversity jurisdiction over this matter pursuant to 28 U.S.C. §1332, as Plaintiff is a resident of and domiciled in the state of Florida and Defendant is an Illinois corporation with its principal place of business in Pennsylvania. Also, Plaintiff is seeking $120,000 in Group Life benefits. See Complaint, para. 25.

10.    This Notice of Removal is being filed within thirty (30) days of service of the Complaint as required by 28 U.S.C. § 1446(b), as the Complaint was served on Defendant on May 19, 2023. See Complaint, Notice of Service of Complaint, attached as Exhibit "A".

11.    Copies of all process, pleadings and orders served on Defendant are attached to this Notice as required by 28 U.S.C. §1446(a).

12.    All fees required by law in connection with this notice have been filed by Defendant.

WHEREFORE, Defendant, Reliance Standard Life Insurance Company removes this action to the United States District Court for the Middle District of Florida from the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
*Counsel for Defendant*
100 SE Second Street, Suite 2100
Miami, Florida 33131
Telephone:    305-374-4400
Facsimile:     305-579-0261

By:    */s/ Tanya Suarez*
        TANYA I. SUAREZ
        Florida Bar No.: 86259
        tanya.suarez@wilsonelser.com

CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed on this first day of June, 2023 with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the Service List below either via transmission of Notices of Electronic Filing generated by

CM/ECF or in some other authorized manner for those counsel or parties who are not authorized

to receive electronically Notices of Electronic Filing.

Respectfully submitted,

**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
*Counsel for Defendant*
100 SE Second Street, Suite 2100
Miami, Florida 33131
Telephone:       305-374-4400
Facsimile:       305-579-0261

By:       */s/ Tanya Suarez*
            TANYA I. SUAREZ
            Florida Bar No.: 86259
            tanya.suarez@wilsonelser.com

**SERVICE LIST**
JOHN JOHNSON, ESQ.
JOHNSON, NEWLON & DECORT, P.A.
3242 HENDERSON BLVD, STE. 210
TAMPA, FL 33609
jjohnson@jclaw.com

*Counsel for Plaintiff*